UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA MARTA MORROW | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| DEUTSCHE LUFTHANSA | § | |
| AKTIENGESELLSCHAFT D/B/A | § | |
| LUFTHANSA GERMAN AIRLINES | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Maria Marta Morrow ("Plaintiff"), through her attorneys, Hightower Angelley, LLP, complaining of Defendant, respectfully alleges as follows:

1. Jurisdiction exists pursuant to 28 U.S.C. Sections 1331, 1332 and 1367. Pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, this court has jurisdiction over the parties and causes of action.

2. Plaintiff was and still is a resident of Plano, Texas.

3. Plaintiff is and has at all times mentioned herein been a citizen of the United States and the state of Texas.

4. At all relevant times, Deutsche Lufthansa Aktiengesellschaft did business as Lufthansa German Airlines ("Defendant") and was a corporate entity organized under the laws of the Country of Germany, and which entity engaged in international carriage by air of persons and cargo. Within the State of Texas, Defendant did then operate and does now operate services for carriage of passengers by air, either on its own aircraft, or on another carrier's aircraft pursuant to a commercial agreement.

1

5. On March 3, 2013, Plaintiff was injured while she was Defendant's fare-paying passenger.  Flight # 438 was scheduled to depart Frankfurt, Germany, destined for Dallas / Fort Worth.  The substantive laws of the State of Texas apply to these proceedings.

6. On March 3, 2013, Plaintiff was caused to suffer bodily injuries while in the process of embarking on Lufthansa Airlines, Inc. in Frankfurt, Germany, as depicted for demonstrative purposes only:



7. The amount in controversy exceeds SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS exclusive interest and costs.

8. Venue is founded upon 28 U.S.C. Section 1391 (a) and/or (b). Defendant has sufficient contacts within the Eastern District of Texas.

**GENERAL ALLEGATIONS**

9. That at all times hereinafter mentioned and at the time of the occurrences herein and on and prior to March 3, 2013, Defendant was a common carrier, and an international airline

which operated regularly scheduled passenger flights at Frankfurt Airport, Frankfurt, Germany.

10. On and prior to March 3, 2013, Defendant was and is a commercial air carrier engaged in the business of carrying passengers for hire in interstate and international commerce.

11. On March 3, 2013, Defendant operated a certain aircraft known as Lufthansa Flight # 438, which was scheduled to depart from Frankfurt Airport (Frankfurt, Germany) to Dallas / Fort Worth International Airport ("DFW Airport").

12. On March 3, 2013, Plaintiff was in the process of embarking upon Flight #438, under the direction, control and supervision of Defendant.

13. Defendant owed Plaintiff the duty of providing for her safety with the highest degree of care and attention, including the operation of equipment.

14. Plaintiff had flown to Frankfurt Airport from Lebenon on Defendant's airline. Plaintiff had requested ahead of time for wheelchair assistance for transport from the arrival gate to the departure gate. No wheelchair was provided. Instead, under the direction, control, and supervision of Defendant, she boarded—or partially boarded—a cart for gate-to-gate transport.

15. Before Plaintiff could sit down and secure herself in the cart, the driver of the cart negligently put the cart under heave acceleration. Plaintiff crashed to the airport floor with such force that she had to have her left eye lens replaced in surgery. By and through its agents, defendant negligently and carelessly failed to operate its cart, pictured below, in a safe manner. The driver of the cart put the cart under heavy acceleration before Ms. Marrow could safely board the cart and take her seat.



16. Defendant was negligent and probably grossly negligent. It failed to safely embark Plaintiff upon her flight; it failed to provide a properly credentialed cart driver; it failed to properly train the cart employee; it failed to terminate the cart employee for earlier transgressions to passenger safety; and it failed to do that which discovery reveals should have been done to prevent this accident.

17. By reason of the foregoing, Plaintiff was caused to sustain severe bodily injuries, pain, suffering, mental anguish, loss of enjoyment of life, disability, and pecuniary and economic losses. Plaintiff's injuries are permanent in nature.

18. Plaintiff invokes all applicable provisions of law relating to damages that are available to her.

## FIRST CAUSE OF ACTION

19. Plaintiff repeats, reiterates and re-alleges each and every previous paragraph of this complaint, with the same force and effect as if fully set forth herein at length.

20. Defendant, its agents, servants, and employees, are liable in causing and permitting Plaintiff to sustain bodily injuries, while in the process embarking onto Flight #438 under the direction, control and supervision of Defendant. As a direct and proximate cause of Defendant's negligence, Plaintiff sustained severe injuries.

21. By reason of the foregoing, Defendant is liable to pay full, fair, and reasonable damages to the plaintiff under the Warsaw Convention treaty and/or the Montreal Convention which Defendant is a party to, and/or the International Air Transport Association Inter-carrier Agreement on Passenger Liability, which, upon information and belief, Defendant has signed, waiving all monetary limits in connection therewith, and additionally under all applicable law providing for recovery of damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for full damages, pre- and post-judgment interest, attorneys' fees, and court costs, and for any other just relief.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  March 25, 2013

                          Respectfully submitted,

                          /s/ Jeffrey W. Hightower, Jr.
                          Jeffrey W. Hightower, Jr.
                          State Bar No. 00793951
                          William O. Angelley
                          State Bar No. 24001658

                          HIGHTOWER ANGELLEY LLP
                          4144 N. Central Expwy.
                          Suite 1230
                          Dallas, Texas  75204
                          Phone:  214.580.9800
                          Fax:  214.580.9804
                          Email:  jeff@hightangel.com
                          Email:  wil@hightangel.com